Betty M. Shumener (Bar No. 137220)
Henry H. Oh (Bar No. 187127)
Edward O. Morales (Bar No. 266321)
**DLA PIPER LLP (US)**
550 S. Hope Street, Suite 2300
Los Angeles, CA 90071
Tel: 213.330.7700
Fax: 213.330.7701

Attorneys for Plaintiffs
COMMONFUND REALTY INVESTORS,
LLC and CRI PROPERTY TRUST

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| COMMONFUND REALTY INVESTORS LLC, a Delaware limited liability company; CRI PROPERTY TRUST, a Maryland real estate property trust,<br><br>Plaintiffs,<br><br>v.<br><br>ANGLO IRISH BANK CORPORATION PLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV10-06054-DDP-JCG<br><br>[PROPOSED] PROTECTIVE ORDER<br><br>Complaint Filed: July 29, 2010<br>Action Removed: August 13, 2010<br><br>NOTE CHANGES MADE BY THE COURT. |

## ORDER

Based on the Stipulation for Protective Order signed by the parties ("Stipulation"), and good cause appearing, the Court hereby orders as follows:

1. With respect to documents produced in response to discovery, documents provided subject to terms and conditions of this Protective Order, or any other documents filed in this action, any party with "good cause," as that term is established in Rule 26(c) of the Federal Rules of Civil Procedure and applicable case law, may designate any such document as "confidential" by stamping or otherwise marking with the word "CONFIDENTIAL" on the document, thereby

making such document subject to the provisions of this Protective Order. Stamping the word "CONFIDENTIAL" on the cover of any multi-page document shall be deemed to designate all pages of the document as "confidential."

2. At any time after the production or filing of any document designated as "CONFIDENTIAL," counsel for any party may challenge such designation by providing the counsel for the designating party written notice of such challenge identifying the document. Counsel for the designating party shall have seven (7) calendar days from the receipt of such notice to withdraw its claim of confidentiality. If the designating party does not withdraw its designation, counsel for the challenging party may, at any time file a motion with the Court that the designation is invalid, *and such motion shall strictly comply with L.R. 37.* If such motion is necessary, the party designating the document as "CONFIDENTIAL" will bear the burden of establishing that the designation was proper.

3. Except with the prior written consent of the parties hereto, or upon prior order of this Court after notice to counsel for the parties, documents designated as "CONFIDENTIAL" shall be used only by a "qualified person" specified in paragraph 4, infra. Any and all documents designated as "CONFIDENTIAL" shall be maintained strictly confidential in accordance with the terms of this Protective Order to avoid any inadvertent disclosure to any party who is not a "qualified person" who complies with the terms of this Protective Order and may not be disclosed or given to any other party who is not a "qualified person" who complies with the terms of this Protective Order.

4. Documents designated as "CONFIDENTIAL" may be made available only to the Court and to the following "qualified person(s)":

 (a) the named parties and any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution, defense, or settlement of this action;

 (b) the attorneys for the parties, including in-house counsel, and

employees and staff of such attorneys;

        (c)    any witness at trial in the action;

        (d)    any person retained by the attorneys to assist in the preparation of this action for trial or otherwise, including experts, consultants, and expert witnesses;

        (e)    stenographers or court reporters in connection with the recording of sworn testimony;

        (f)    any witness at a deposition in the action;

        (g)    any "Eligible Assignee," as that term is defined in that certain Amended and Restated Revolving Credit Agreement dated May 16, 2008 between Plaintiffs and Defendant, among other parties ("Credit Agreement"), subject to the terms and conditions set forth in this Stipulation; and

        (h)    FTI Consulting and any other person as to whom the parties agree in writing.

      5.    Prior to the inspection of "CONFIDENTIAL" documents by any person identified in paragraphs 4(d), 4(f), 4(g) and 4(h) of this Protective Order, such person shall be first provided with a copy of this Protective Order and shall certify (1) that it, he or she has carefully read the Stipulation and Protective Order and fully understands their terms and will be bound by their terms, and (2) that it, he or she consents to the personal jurisdiction of the above-captioned Court (or in the event this action is remanded to Los Angeles County Superior Court ("State Court"), to the personal jurisdiction of said State Court). Each such person shall sign a certificate in the form set forth in Exhibit "A" hereto to effectuate the foregoing prior to being provided with any "CONFIDENTIAL" documents.

      6.    Plaintiffs Commonfund Realty Investors LLC and CRI Property Trust (collectively, "CFRI") and defendant Anglo Irish Bank Corporation plc (now known as Anglo Irish Bank Corporation Limited) ("Anglo") are currently engaged in settlement negotiations, and Anglo has requested that CFRI provide certain

documents claimed as "CONFIDENTIAL" by CFRI to further such negotiations. Within two (2) business days after entry of this Protective Order, CFRI will provide such documents to Anglo (the "Confidential Settlement Documents"). Notwithstanding the preceding sentence, the PriceWaterhouse audit report requested by Anglo shall be provided to Anglo within one (1) business day after CFRI's receipt of the same from PriceWaterhouse or within two (2) business days after entry of this Protective Order, whichever is later.

7. If Anglo requests additional documents from CFRI within the 90 day period referenced in Paragraph 9 of this Protective Order, CFRI will promptly provide such documents to Anglo unless CFRI contends such documents have not been reasonably requested by Anglo, in which instance CFRI will promptly provide Anglo with written notice and an explanation in reasonable detail as to which documents are not, in CFRI's view, reasonably requested by Anglo. All other such documents will be promptly produced by CFRI to Anglo. Subject to the other terms and provisions of this Protective Order, any additional documents provided by CFRI to Anglo pursuant to this Paragraph 7 hereof shall also be deemed Confidential Settlement Documents.

8. During the 90 day period referenced in Paragraph 9 hereof only, none of the Confidential Settlement Documents shall be used by any recipient (e.g., Anglo and/or any Eligible Assignee) for any purpose (including impeachment) in any legal proceeding (including this litigation), unless such document(s) were obtained by such parties through the discovery process during this 90 day period. The Confidential Settlement Documents may be shared by Anglo with any Eligible Assignee, provided that such Eligible Assignee first executes the Non-Disclosure Agreement (in the form attached hereto as Exhibit "A"), agrees to be bound by the Stipulation and Protective Order and consents to jurisdiction of the Court presiding over this action (or to the personal jurisdiction of the State Court in the event that this action is remanded to the State Court) in the event of a dispute regarding same.

9.    Upon entry of this Protective Order and CFRI's delivery of the documents referenced in Paragraph 6 above, the parties agree that they shall engage in commercially reasonable, good faith settlement negotiations with each other regarding their disputes; provided, however, the obligation to conduct such settlement negotiations will expire 90 days from the date of entry of this Protective Order, which date may only be extended with the written consent of the parties, who may withhold their consent in their sole and absolute discretion for any reason.

10.    Notwithstanding any language to the contrary contained in the Stipulation and this Protective Order: (i) the parties acknowledge and agree that nothing in this Stipulation or Protective Order constitutes, or shall be construed as, any kind of a "standstill" or agreement to forbear from taking action by either of the parties during or subsequent to the 90 day period addressed in Paragraph 9; (ii) while the parties will contemporaneously abide by their obligations to conduct the good faith settlement negotiations referenced in Paragraph 9 above, the parties are free to take any action in law or in equity in their sole and absolute discretion during and subsequent to the 90 day period addressed in Paragraph 9; and (iii) the parties shall not be prohibited in the future from seeking or obtaining through properly noticed discovery any documents included within "Confidential Settlement Documents" which would be otherwise discoverable in any litigation between the parties; provided, however, that any such documents that otherwise qualify as "Confidential" documents will be treated as such pursuant to the terms of this Stipulation and Protective Order.

11.    If an attorney for any party wishes to use any "CONFIDENTIAL" document at a deposition of any witness and the witness refuses to sign a Non-Disclosure Agreement in the form of Exhibit "A" attached hereto, the attorney may nevertheless show the witness the "CONFIDENTIAL" document as long as the witness does not retain any copies of such "CONFIDENTIAL" document.

12.    When a party uses "CONFIDENTIAL" documents at the deposition of

1 any person or a deponent provides testimony that is "CONFIDENTIAL," the
2 transcript of the deposition or any exhibit thereof, to the extent the transcript or any
3 exhibit thereof includes or refers to "CONFIDENTIAL" documents or information,
4 may be designated as "CONFIDENTIAL" on the record during the deposition.
5 Additionally, a party or non-party may designate in writing, within thirty (30) days
6 after receipt of the transcript that specific pages of the transcript and/or specific
7 responses be treated as "CONFIDENTIAL" information. Any other party may
8 object to such proposal, in writing or on the record. Upon such objection, the
9 parties shall follow the procedures described in paragraph 2 above. After any
10 designation made according to the procedure set forth in this paragraph, the
11 designated documents or information shall be treated according to the designation
12 until the matter is resolved according to the procedures described in paragraph 2
13 above, and counsel for the designating party shall be responsible for providing
14 properly marked copies of the designated material to the other counsel.

15     13. Nothing herein shall impose any restriction on the use or disclosure by
16 a party of any document lawfully obtained by such party independent of discovery
17 in this action, whether or not such material is also obtained through discovery in
18 this action and is designated "CONFIDENTIAL."

19     14. For applications, motions or other pleadings filed with the Court on
20 which a party attaches "CONFIDENTIAL" documents, all documents and chamber
21 copies containing "CONFIDENTIAL" documents that are submitted to the Court
22 shall be filed under seal in accordance with the procedures set forth in Local Rule
23 79-5.

24     15. Any party who has designated a document as "CONFIDENTIAL" may
25 withdraw that designation at any time. Absent the prior written consent of the party
26 who designated a document as "CONFIDENTIAL," such document shall be treated
27 as "CONFIDENTIAL" information by all recipients unless and until an order is
28 entered by the Court removing such designation.

16. Nothing in this Protective Order or the production of any document under the terms of this Protective Order or any proceeding pursuant to this Protective Order shall be deemed to have the effect of an admission or waiver by any party regarding the confidentiality or nonconfidentiality of any such document. Except as specifically set forth in this Protective Order, nothing herein modifies the prior agreements entered into by the parties or constitutes a waiver of any right, claim, or defense by any of the parties.

17. Other than as set forth herein with respect to the Confidential Settlement Documents, the placing of the "CONFIDENTIAL" designation on the face of a document produced shall have no effect on the authenticity or admissibility of that document at trial or at any judicial hearing.

18. The Court (or the State Court in the event of remand) shall retain jurisdiction to resolve any dispute concerning the use of such "CONFIDENTIAL" documents. Any violation of the Stipulation and this Protective Order shall be enforceable as a breach of contract and/or contempt of Court.

IT IS SO ORDERED.

Dated: 3·1·2011

UNITED STATES ~~DISTRICT COURT~~ MAGISTRATE JUDGE

# EXHIBIT A

## NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order entered in Commonfund Realty Investors LLC, et al. v. Anglo Irish Bank Corporation PLC, United States District Court for the Central District of California Case No. CV10-06054-DDP-JCG, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.

Dated:_____        _____

                                 Name:_____